**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EKANEM KUFREOBON ESSIEN,

Petitioner-Appellant,

v.

SUZANNE M. PEERY,

Respondent-Appellee.

No. 17-16084

D.C. No. 3:15-cv-02032-JD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted October 24, 2019**
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and LASNIK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

We write primarily for the parties who are familiar with the facts. Appellant Ekanem Kufreobon Essien ("Essien") was convicted in California state court of forcible rape while acting in concert and second-degree robbery. The jury made findings to support imposition of the "gang enhancement" under California Penal Code § 186.22(b)(1) on both counts, which allowed the state court to enhance Essien's sentence by 13 years and four months.

Essien filed a habeas petition in federal district court, seeking relief on various grounds. The district court denied Essien's petition and declined to issue a certificate of appealability. Our court granted a certificate of appealability only as to whether sufficient evidence supported the state court's imposition of gang enhancements on Essien's rape and robbery convictions. Essien also briefed the uncertified issue of whether the state court deprived him of his constitutional right to self-representation when it denied his Faretta motion.

1. *Sufficiency of the Evidence Claims*

We review the district court's denial of Essien's habeas petition *de novo*. Chein v. Shumsky, 373 F.3d 978, 982 (9th Cir. 2004). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of Essien's petition. Id. at 983. In reviewing sufficiency of the evidence claims on habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

17-16084

essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Jackson sufficiency of the evidence claims "face a high bar in federal habeas proceedings," and a federal court may overturn the state court decision only if it was "objectively unreasonable." Coleman v. Johnson, 566 U.S. 650, 651 (2012).

After an independent but deferential review of the record, we conclude there was sufficient evidence for a rational juror to find all elements, beyond a reasonable doubt, to support imposition of the California Penal Code § 186.22(b)(1) gang enhancement on both Essien's rape and robbery convictions. "Because a rational trier of fact could have been persuaded beyond a reasonable doubt that" the requisite elements of California's gang enhancement were met, "habeas relief is unwarranted." Bruce v. Terhune, 376 F.3d 950, 958 (9th Cir. 2004). Accordingly, the California Court of Appeal's decision cannot be characterized as objectively unreasonable, and the district court properly denied relief on Essien's sufficiency of the evidence claims.

2. *Uncertified Faretta Claim*

Essien also briefed the uncertified issue of whether the state court deprived him of his constitutional right when it denied his motion for self-representation, raised under Faretta v. California, 422 U.S. 806 (1975). We treat briefing on an uncertified issue as a motion to expand the certificate of appealability. See Ninth

Circuit Rule 22-1(e); see also Delgadillo v. Woodford, 527 F.3d 919, 930 (9th Cir. 2008). Having reviewed the record in this case, including the district court's assessment of the Faretta claim, Essien has failed to establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, Essien has not made a "substantial showing of the denial of a constitutional right." See Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999) (quoting 28 U.S.C. § 2253(c)(2)). We therefore decline to expand the certificate of appealability to include Essien's Faretta claim.

**AFFIRMED.**